UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 18-074-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ALBERTO LOPEZ PANIAGUA, | ) | **MEMORANDUM OPINION** |
| a/k/a BERTO, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

United States Magistrate Judge Matthew A. Stinnett conducted a detention hearing on January 23, 2019, and ordered that Defendant Alberto Lopez Paniagua be detained due to a risk of non-appearance.  [Record No. 10]  Defendant Lopez-Paniagua then filed a motion to revoke the detention order.  [Record No. 12]  After reviewing the evidence and the factors listed in 18 U.S.C. § 3142(g), the Court concludes that the defendant's motion to revoke his order of detention should be denied.  Simply put, there are no conditions of release that would reasonably ensure the defendant's appearance at trial.

## I.

The defendant was charged in a criminal complaint with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A) & (h).  [Record No. 1]  A grand jury returned an indictment on February 7, 2019, charging the defendant with one count of conspiracy to commit money laundering and one count of money laundering.  [Record No. 38]

Magistrate Judge Stinnett conducted a detention hearing on January 23, 2019, to determine whether Lopez-Paniagua should be released from custody pending trial.  [Record

No. 10]  The government argued that the detention was appropriate due to the defendant's risk of nonappearance and danger to the community.  [Record No. 11, p. 1]  Magistrate Judge Stinnett concluded that the defendant was an "irremediable flight risk" and directed that he be detained.  [*Id*. at 4.]  He explained that the United States did not prove by clear and convincing evidence that the defendant posed a danger to another person or the community, but it established that the defendant was a flight risk by a preponderance of the evidence.  [*Id*. at 2.]

Magistrate Judge Stinnett noted that the defendant had no connection to the Commonwealth; minimum and sporadic contacts with the United States; and demonstrated a history of traveling in and out of the country.  Further, the larger implications of the alleged crime created a risk of non-appearance.  [*Id*. at 4.]  Next, he concluded that there were no conditions of release that could reasonably assure the defendant's appearance at trial.  [*Id*.]  Judge Stinnett explained that all of the defendant's family was in Mexico, he obtained his education in Mexico, he is an attorney in Mexico, and his community ties were to Mexico.  [*Id*. at 3.]  Thus, the defendant did not have any connection to the Commonwealth of Kentucky.  [*Id*.]  Magistrate Judge Stinnett also indicated that the defendant "clearly has the finances, experience, and connections to easily travel outside of the United States."  [*Id*.]  Likewise, the defendant had inconsistent reasons for visiting this country.  [*Id*.]  Lastly, Magistrate Judge Stinnett cited that the defendant's charges are related to a larger organized drug related offense.  [*Id*.]

Probation Officer Chad Moss, Immigration Officer Frank Keaton, and Special Agent Troey Stout testified during the detention hearing.  [Record No. 9]  Officer Moss recommended detention based on the defendant's lack of ties to the Commonwealth and the United States.  He further opined that conditions of release would not prevent flight.  Next, Officer Keyton

testified that the defendant was in possession of two passports, one of which had expired. According to Officer Keyton, the defendant had traveled to Mexico, Russia, the United Arab Emirates, and possibly Turkey. Lastly, Agent Stout testified regarding the defendant's arrest. He explained that the defendant was in possession of over $170,000 in United States currency when he was stopped by law enforcement. Agent Stout described that a confidential source provided information that the defendant would be picking-up drug proceeds and traveling to Kentucky.

## II.

A party may file a motion for revocation of a detention order with the court having original jurisdiction over the offense. 18 U.S.C. § 3145(b). This Court reviews a magistrate judge's detention order *de novo*. *United States v. Yamini*, 91 F. Supp. 2d 1125, 1128-29 (S.D. Ohio 2000); *United States v. Clark,* 865 F.2d 1433, 1436 (4th Cir. 1989). The Court "should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference." *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990). And if the Court determines that a detention order is necessary, it shall, *inter alia*, submit a written statement of the reasons for the detention. 18 U.S.C. § 3142 (i)(1).

## III.

Following a review of the record and relevant information, the Court concludes that the defendant is a flight risk and there are no conditions of release that will reasonably ensure his appearance at trial. A defendant may be detained pending trial only when a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. §

3142(e).  "The default position of the law . . . is that a defendant should be released pending trial."  *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010).  The United States must prove that no conditions of release can ensure the safety of the community and the defendant's appearance in court.  *Id.*  The government must prove the risk of non-appearance based on a preponderance of the evidence.  *See United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985); *United States v. Curry,* 2006 U.S. Dist. LEXIS 49661 *1, *16 (E.D. Ky. 2006).

Title 18 of the United States Code, section 3142(g), sets forth the factors for the Court to consider in deciding whether to set conditions of release.  They are:

> (1)  the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591 [18 USCS § 1591], a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2)  the weight of the evidence against the person;
> (3)  the history and characteristics of the person, including--
>> (A)  the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>> (B)  whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4)  the nature and seriousness of the danger to any person or the community that would be posed by the person's release.  In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g). "Consideration of these factors shall not be construed to modify or limit the presumption of innocence." *Stone,* 608 F.3d 939 at 946; 18 U.S.C. § 3142(j).

The defendant argues that with a curfew, electronic monitoring, and travel restrictions the presence of the defendant can be reasonably assured. [Record No. 12, p. 2] The undersigned disagrees.

The defendant is charged with conspiring to commit money laundering and money laundering, but it was noted that the offenses charged are part of a larger criminal drug scheme. The nature and circumstances of the offense clearly weigh in favor of detention. 18 U.S.C. § 3142(g)(1).

The second factor is the weight of the evidence, while balancing the "factors to be considered in determining whether there are conditions which will assure the appearance of the accused and safety of the community." *Hazime*, 762 F.2d at 37; 18 U.S.C. § 3142(g)(2). There is a considerable amount of evidence regarding the defendant's risk of non-appearance: his lack of ties to the United States, his family in Mexico, and his financial resources to travel. *See United States v. Villegas*, 2011 U.S. Dist. LEXIS 31774 *1, *27-28 (E.D. Tenn. 2011). The weight of the evidence regarding risk of flight weighs in favor of detention.

The history and characteristics of the defendant also weigh in favor of detention. 18 U.S.C. § 3142(g)(3). The defendant's family ties, community ties, employment, and financial ties are all to Mexico. The defendant is from Mexico, and his wife, mother, sister, and two children all reside in Mexico. His job is based in Mexico and he allegedly has no family ties to the United States. *See Villegas*, 2011 U.S. Dist. LEXIS 31774 at *24 (noting certain factors, including that the defendant is from Mexico, had family in Mexico, and had the means to travel back to Mexico, weighed in favor of detention); *United States v. Koubriti*, 2001 U.S. Dist.

LEXIS 19823 *1, *19 (E.D. Mich. 2001) (discussing the defendant's lack of family ties to the jurisdiction as weighing in favor of detention). Further, the defendant's frequency of travel indicates that he possesses the financial resources to flee the country. *See United States v. Bikundi*, 47 F. Supp. 3d 131, 137 (D.D.C. 2014) (concluding the defendant's significant foreign ties to her country of origin, including access to funds located outside of the United States raised a concern about the defendant being a flight risk). While the defendant has surrendered his passports, Agent Keyton testified that if the defendant was released, he could return to Mexico without a passport. [Record No. 39, p. 4] The defendant was not on active probation at the time of his arrest and does not appear to have any criminal history, weighing against detention. 18 U.S.C. § 3142(g)(3)(b).

Finally, the Court considers "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(4). Magistrate Judge Stinnett found that the government had not proven by clear and convincing evidence that the defendant was a danger to another person or to the community. The defendant notes that dangerousness was not an issue in their motion to revoke the detention order. [Record No. 12] The government does not discuss the last factor in § 3142(g) in its response to the defendant's motion. [Record No. 39]

The first three factors in 18 U.S.C. § 3142(g) support detaining the defendant before trial because he poses a significant risk of non-appearance. The Court concludes that there are no conditions of release that will reasonably assure the appearance of the defendant at trial. Accordingly, it is hereby

**ORDERED** that Defendant Alberto Lopez-Paniagua's Motion to Revoke the Order of Detention [Record No. 12] is **DENIED**.

Dated: February 12, 2019.



Signed By:

*Danny C. Reeves*

**United States District Judge**