UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 18-074-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ALBERTO LOPEZ PANIAGUA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Alberto Paniagua is a citizen of Mexico.  After graduated from law school in Mexico City, he obtained the Mexican equivalent of a juris doctorate degree in 1975. [Record No. 150-1]   On August 8, 2019, Paniagua pleaded guilty to conspiring to laundering drug proceeds in violation of 18 U.S.C. § 1956(h).  [Record No. 137]  His primary role in the conspiracy was to broker agreements on behalf of a Drug Trafficking and Money Laundering Organization ("DTMLO") to collect drug proceeds in the United States and to arrange for those proceeds to be returned to the DTMLO in Mexico to further the organization's criminal activities.  [See Plea Agreement, ¶ 3; Record No. 136.]  He was later sentenced to a 130-month term of incarceration.[1]  [Record No. 164]

---

[1]  At sentencing, Paniagua's guideline range for incarceration was calculated as 108 to 135 months.  This calculation was based, in part, on enhancements under U.S.S.G. §2S1.1(b)(2)(C) because the defendant knew or believed that the laundered funds were proceeds of or were intended to promote the distribution of controlled substances, and under U.S.S.G. §2S1.1(b)(2)(C) because the defendant was in the business of laundering such funds.  [See sealed Presentence Investigation Report ("PSR"), ¶¶ 27 and 28; Record No. 170.]

After his sentence was affirmed on appeal [Record Nos. 205 and 209], Paniagua filed *pro se* motions seeking a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 (Part B) to the United States Sentencing Guidelines.  [Record No. 273]  However, those motions were denied by Memorandum Order entered January 29, 2024, and March 28, 2024.[2]  [*See* Record Nos. 273, 274, 275, and 276.]

Before filing motions seeking a sentence reduction in early 2024, Paniagua was transferred at his request to a prison in Mexico under the International Prisoner Transfer Program ("IPTP") on June 8, 2022.  According to this program, the Director of the United States' Bureau of Prisons is authorized to transfer inmates to foreign countries pursuant to the conditions of a treaty agreement allowing such transfers.  18 U.S.C. § 4100.  Under the treaty with Mexico[3], this Court retains jurisdiction over proceedings "intended to challenge, modify, or set aside sentences it has imposed.  *See* Treaty with Mexico, art. 6; 18 U.S.C. § 4107(b)(1).  However, the completion of a transferred offender's sentence is carried out "according to the laws and procedures of the Receiving State."  Treaty with Mexico, art. 5(2); see 18 U.S.C. § 4107(b)(2).

On June 27, 2024, Paniagua submitted a letter to the Clerk asserting that his sentence was improperly modified in Mexico to reflect a sentence for "organized crime" rather than "conspiracy." [Record No. 289]  He argues that, as a result, his sentence has been improperly

---

[2]  Amendment 821 (Part B), effective on November 1, 2023, provides for a decrease of two levels from the offense level for defendants without any criminal history points and whose offense did not involve specific aggravating factors.  However, Paniagua had one criminal history point at the time of his sentencing and, therefore, the guidelines amendment did not provide a basis for a sentence reduction.

[3]  *See* Treaty with Mexico on the Execution of Penal Sentences, Nov. 25, 1976, 28 U.S.T. 7399, T.I.A.S. No. 8718.

modified in Mexico and that he has been deprived of certain privileges as a result of the classification.

Based on the defendant's arguments, the Court directed the United States to file a response to his motion which included the provision of all relevant documents under Article 6(7) of the Treaty and all translated copies of judicial orders submitted with Paniagua's letter. [Record No. 294]  The United States was able to comply with this directive on September 6, 2024.  [Record Nos. 314, 315, and 316][4]

The United States outlines in its response its compliance with the requirements of the IPTP regarding the defendant's transfer request.  Pursuant to Article IV(7) of the Treaty, the United States provided Mexico with documentation about Paniagua so that it could determine how the defendant's sentence should be served.  This included furnishing a statement demonstrating the offense of conviction, the duration of the sentence, the length of time already served, any credits to which the defendant is entitled such as work completed, good behavior, and pretrial confinement.

The United States correctly notes in its response that Mexican officials have authority under the Treaty to characterize Paniagua's conviction as "organized crime" rather than "conspiracy" after reviewing all information provided.  That determination would certainly be logical and consistent, considering the defendant's conduct and admissions in committing his money laundering crime.  But regardless of this Court's opinion regarding the classification, it has no authority to overturn or disturb the decision made by Mexican judicial officers.  [*See*

---

[4]  Before the government responded to Paniagua's letter, he filed an additional letter requesting clemency.  [Record No. 304]

Record No. 316 at pp. 4-5, explaining the due process and appellate rights provided to and exercised by the defendant in Mexico regarding characterization of his crime of conviction.] "Except as otherwise provided in [the] Treaty, the completion of a transferred offender's sentence shall be carried out according to the laws and procedures of the Receiving State . . ." *See* Treaty at Article V(2).  Further, it would be improper for Paniagua to assert that the judicial determination in Mexico violates Article V(3) of the Treaty.[5]

In summary, this Court has no authority to direct a judicial officer in Mexico to specify how a defendant's sentence should be carried out.  As the United States notes in its response, Paniagua requested to serve his sentence in Mexico and Mexico is having him do so according to their laws and procedures.  [Record No. 316]  Likewise, this Court has no authority to grant clemency to Paniagua.  Clemency is a power reserved exclusively to the Executive Branch of the federal government.  Accordingly, it is hereby

**ORDERED** as follows:

1.      Defendant Paniagua's letter (construed as a motion) for an Order directing Mexican authorities to construe his conviction in this matter as "conspiracy" rather than "organized crime" or grant other relief [Record No. 289] is **DENIED**.

2.      Defendant Paniagua's letter (construed as a motion) seeking clemency [Record No. 304] is **DENIED**.

---

[5]  This article provides that "[n]o sentence of confinement shall be enforced by the Receiving State in such a way as to extend its duration beyond the date at which it would have terminated according to the sentence of the court of the Transferring States."

Dated: October 15, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky